LEE et al. v. LEVISON et al.

(Circuit Court of Appeals, Ninth Circuit. January 7, 1918.)

No. 3033.

1. LIMITATION OF ACTIONS ⊚⇒130(12)—RUNNING OF STATUTE—EXCEPTIONS.
    Code Civ. Proc. Cal. § 355, providing that, if an action is commenced within the time prescribed therefor and a judgment therein for plaintiff be reversed on appeal, the plaintiff may commence a new action within one year after reversal, does not warrant a plaintiff, who was nonsuited

in an action in the California state court, which judgment was affirmed on appeal, in thereafter commencing a new action within one year; the period of limitations meanwhile having elapsed.

2. LIMITATION OF ACTIONS ☞73(9)—RUNNING OF STATUTE—DISABILITY.

Code Civ. Proc. Cal. § 352, declares that if a person entitled to bring an action be a married woman, and her husband be a necessary party with her in commencing such action, the time of such disability is not a part of the time limited for commencement of the action; while section 370 declares that, when a married woman is a party, her husband must be joined with her, except when the action concerns her separate property or her right to homestead property. A married woman, alleging damages growing out of a malicious prosecution by defendants, instituted in the California state court an action against defendants; her husband being a party. *Held* that, the husband having been joined in that action as a party, and the action having been terminated by nonsuit, the married woman could not, after the running of the period of limitations, begin a new action, her husband joining as party plaintiff, on the theory that limitations had been tolled by reason of her coverture.

In Error to the District Court of the United States, for the Second Division of the Northern District of California; Frank H. Rudkin, Judge.

Action by Emma C. Lee and H. Lee, her husband, against Alexander Levison and others. There was a judgment for defendants, and plaintiffs bring error. Affirmed.

Thomas R. Shepard, of Seattle, Wash., for plaintiffs in error.

Heller, Powers & Ehrman, of San Francisco, Cal., for defendant in error National Surety Co.

M. H. Wascerwitz, of San Francisco, Cal., for defendants in error Levison.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. [1] This was an action brought in the court below to recover damages alleged to have been sustained by the plaintiff Emma C. Lee, growing out of her alleged malicious prosecution by the defendants thereto. Among the defenses interposed by the defendants was that of the statute of limitations of the state of California, which confessedly was a complete defense, unless it was suspended by the pendency of a former action between the same parties for the same cause, by virtue of this provision of the state statute:

"If an action is commenced within the time prescribed therefor, and a judgment therein for the plaintiff be reversed on appeal, the plaintiff * * * may commence a new action within one year after the reversal." Section 355, Code Civ. Proc. Cal.

The wrong complained of in each of the actions was committed July 21 and July 29, 1909. Within a few months thereafter the former action was commenced by the plaintiffs in the present case in one of the superior courts of the state of California, where it was tried, and which trial resulted on October 9, 1911, in a judgment of nonsuit. From that judgment the plaintiffs appealed to the Supreme Court of the state, where on July 26, 1916, the judgment was affirmed. Within one year thereafter this new action by the same plaintiffs against the

same defendants for the same cause was commenced in the court below.

If the judgment in the former action had been for the plaintiffs, and had been reversed on the appeal therefrom, the present action would have been authorized by section 355 of the Code of Civil Procedure above quoted, and, having been commenced within one year after July 26, 1916, would have been brought in time; but as the judgment in the former action was against the plaintiffs, and was affirmed on appeal, it is, we think, perfectly clear that the present action was not authorized by the provision contained in section 355, without which it is not pretended that it has any basis. It need hardly be said that the court has no power to legislate, nor that decisions based upon dissimilar statutory provisions do not apply to a case such as this, where the statute is too plain to require construction.

[2] The further contention on the part of the plaintiffs in error that by virtue of sections 352 and 370 of the California Code of Civil Procedure the present action is saved from the law of the statute of limitations, we think equally without merit. The first of those sections provides that:

"If a person entitled to bring an action * * * be, at the time the cause of action accrued, either:

"1. * * *

"4. A married woman, and her husband be a necessary party with her in commencing such action.

"The time of such disability is not a part of the time limited for the commencement of the action."

And the other of the sections referred to provides that:

"When a married woman is a party, her husband must be joined with her, except:

"1. When the action concerns her separate property, * * * or her right or claim to the homestead property, she may sue alone. * * *"

If it be conceded that the disability contended for ever existed in this case, it was clearly removed by the joining in both of the actions of the husband of the plaintiff in error Emma C. Lee.

The judgment is affirmed.